HENRY J. AHRENS, Respondent, v. THE UNION RAILWAY COMPANY, Appellant.

(Supreme Court, Appellate Term, February, 1908.)

Street railways — Operation — Actions — Instructions.

> In an action against a street railway company to recover damages for personal injuries, sustained by the plaintiff in a collision with one of defendant's cars, where plaintiff testified that defendant's motorman said, " I can't wait for you all day," and then re-

leased his brake and started on and threw plaintiff out of the way, and the judge charged the jury, " If you believe the plaintiff's statement that the car ran into him the second time, as he said it did, with those words uttered by the motorman, he is entitled to recover," held that the instruction was erroneous as it took from the jury the question of fact as to whether the intentional trespass of the motorman was committed by him within the scope of his employment, as well as the question of negligence.

APPEAL by the defendant from a judgment in favor of the plaintiff, rendered in the Municipal Court of the city of New York, second district, borough of the Bronx, after a trial before the court and a jury.

William E. Weaver, for appellant.

Headley M. Greene, for respondent.

*Per Curiam.* The action is for damages to plaintiff's horse and carriage, by reason of a collision with one of defendant's cars. Plaintiff's horse and wagon were in charge of one Curren, who testified as follows: " Q. And what took place then? A. He (the motorman) says, ' I can't wait for you all day ' and he gave his brake and started on and threw me out of the way. Q. Where did the car hit you then? A. The car hit the side of the fender, and crushed the wheel, a front wheel, yes the front left-hand wheel." He afterward testified that the motorman said: " I can't wait for you all day " and released his brake. The court, in overruling the defendant's motion to dismiss the complaint, said: " He (Curren) has testified that he (the motorman) struck twice. He does not say how much he was hurt the first time; but, after the second blow, he says his wagon was injured, as shown by Mr. Benjamin and others. As I take it, he is suing for that second blow, when the motorman told him, as he claimed, ' I haven't time to wait for you ' and struck him again. If he was on the track and the motorman could have avoided the accident, he should have done so. That is the point in the case. I will overrule your motion." In his charge to the jury, the learned judge said: " He,

plaintiff, contends that the car ran into him and the motorman said something like ' I can't wait all day for you.' and struck him the second time. There is a strong conflict of testimony here. If you believe the plaintiff's story he is entitled to a verdict." The judge further said: " If you believe the plaintiff's statement that the car ran into him the second time, as he said it did, with those words uttered by the motorman, he is entitled to recover." Defendant duly excepted to these charges. It was strictly within the province of the jury to determine as a question of fact whether the intentional trespass of the motorman was committed by him within the scope of his employment; and it was error for the trial court to take this question from the jury and instruct them that, if the motorman acted as plaintiff testified he did, plaintiff was entitled to recover. See Barry v. Union R. Co., 105 App. Div. 520. Furthermore, the judge seems to have taken the question of negligence entirely from the jury and told them to find a verdict for plaintiff, if plaintiff's version of the accident was believed.

Present: GILDERSLEEVE, SEABURY and GERARD, JJ.

Judgment reversed and new trial ordered, with costs to appellant to abide event.